HOWARD F. BURNS, EXECUTOR OF THE ESTATE OF EMMA PAIGE EELLS NEWBERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42515.  Promulgated May 5, 1933.

*Ashley M. Van Duzer, Esq., George P. Bickford, Esq.,* and *A. C. Dustin, Esq.,* for the petitioner.

*A. H. Fast, Esq.,* for the respondent.

OPINION.

SMITH: Section 203(c) of the Revenue Act of 1926 provides:

If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.

Article 1576, Regulations 69, cited by both the petitioner and the respondent, is as follows:

*Receipt of stock or securities in reorganization.*—If, without any surrender of his stock or securities, a shareholder in a corporation a party to a reorganization receives in pursuance of the plan of reorganization stock or securities

in such corporation or in another corporation a party to the reorganization, no gain to the shareholder will be recognized.

Section 203 (h) of the Revenue Act of 1926 defines the terms material to the issue in the case at bar, as used in section 203 (c), in the following language:

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporaticn of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form or place of reorganization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation cf at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

The petitioner contends that the bonds received by decedent in 1926 as a stockholder of the Sandusky Cement Co. are exempt from income tax upon the ground that they were distributed to her "in pursuance of a plan of reorganization" under section 203 (c) of the Revenue Act of 1926. Whether this be so depends upon the interpretation given to section 203 (h) (1) (A) of the Revenue Act of 1926 quoted above. In *Pinellas Ice & Cold Storage Co. v. Commissioner*, 287 U.S. 462, the Supreme Court, referring to this language, said:

\* \* \* The words within the parenthesis may not be disregarded. They expand the meaning of "merger" or "consolidation" so as to include some things which partake of the nature of a merger or consolidation but are beyond the ordinary and commonly accepted meaning of those words—so as to embrace circumstances difficult to delimit but which in strictness cannot be designated as either merger or consolidation. But the mere purchase for money of the assets of one Company by another is beyond the evident purpose of the provision, and has no real semblance to a merger or consolidation. *Certainly, we think that to be within the exemption the seller must acquire an interest in the affairs of the purchasing company more definite than that incident to ownership of its short term purchase money notes.* This general view is adopted and well sustained in *Cortland Specialty Co. v. Commissioner of Internal Revenue*, 60 F. (2d) 937, 939, 940. It harmonizes with the underlying purpose of the provisions in respect of exemptions and gives some effect to all the words employed. [Italics supplied.]

From our findings it is to be noted that the Sandusky Cement Co. acquired all of the capital stock and bonds of the Railway Co. in 1922. This was an outright purchase. The stockholders and bondholders of the Railway Co. received cash and short term notes in payment for the securities sold. They did not acquire any

interest in the affairs of the purchasing company. The 3,000 shares of par value stock of the Railway Co. were changed into a like number of shares of no par value and a new issue of bonds supplanted the old issue. But this was not a part of the original plan and although it might be a reorganization of the Railway Co. under section 203 (h) (1) (C), nevertheless, it is not the reorganization relied upon by the petitioner and would not support petitioner's case in any event. Most of the capital stock of the Railway Co. was distributed to the Cement Co.'s stockholders in 1925 and the bonds were distributed to the stockholders in 1926. There was clearly no " reorganization " of the companies within the interpretation of the pertinent language of section 203 (h) (1) of the Revenue Act of 1926 as interpreted by the Supreme Court.

It appears to us that there is no ground for holding the decedent exempt from income tax in respect of the fair market value of the bonds received, the value of which is not in question. The decision of the United States Supreme Court in *United States* v. *Phellis*, 257 U.S. 156, is determinative of this issue.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRAMMELL dissents.

VAN FOSSAN, dissenting: The prevailing opinion in this case turns solely on the ground that when the Cement Co. acquired 100 percent of the stock and bonds of the Railway Co. there was no reorganization under the statute. It may be pertinent first to point out that neither in the notice of deficiency, nor in the pleadings, nor at the hearing, has respondent ever questioned the fact that there was a statutory reorganization in 1922. The sole issue to which the attention of the parties has been addressed is whether or not the distribution of bonds in 1926 came under section 203 (c) of the Revenue Act of 1926, and the contention of respondent is that the distribution was made at such a time and in such a manner as to constitute the payment of a dividend and not a distribution " in pursuance of a plan of reorganization."

Section 203 (h) (1) provides:

(h) As used in this section and sections 201 and 204—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

The Cement Co. acquired all of the stock of the Railway Co. How then can it be held that this fact did not bring the transaction within the express terms of the statute? The prevailing opinion cites the decision of the Supreme Court in *Pinellas Ice Co.* v. *Commissioner*, 287 U.S. 462. With all respect it is submitted that this case, so far as pertinent at all, supports the exact opposite of the majority view. When the *Pinellas* case was before the Board it was held that the transaction was merely a sale of assets for money and did not partake of the nature of a statutory reorganization. The circuit court of appeals affirmed this decision (57 Fed. (2d) 188), but went beyond the necessity of the case and expressed certain dicta as to the interpretation of the statutory definition of a reorganization. When the case came before the Supreme Court on certiorari, that Court, after affirming the holding as to the character of the transaction, took occasion to point out that the dictum of the circuit court was too narrow and might prove perplexing. The Court proceeded to point out the error in the opinion of the Circuit Court and stated, in effect, that the parenthetical clause in section 203 (h) (1) (A) worked an enlargement of the terms "merger" or "consolidation" beyond their ordinary meaning. Returning to the situation in the case before them, the court expressed the thought on which the author of the prevailing opinion in this proceeding, as indicated by italics, places chief emphasis. But when the expression of the Supreme Court is read in its context it is readily seen that it has no pertinence here. The Court was addressing itself to a situation in which there had been a sale of assets for cash or its equivalent. The same factual situation obtained in *Cortland Specialty Co.* v. *Commissioner*, 60 Fed. (2d) 937, which the Supreme Court cited with approval. In the instant case we have the acquisition of all of the stock and bonds of one company by another company. It is not necessary to employ the liberty of interpretation authorized by the Supreme Court. The present case comes within the very language of the statute. Where a case falls squarely within the provisions of a statute it is not for this Board or the courts to write it out by assuming analogy to a different case.

It may be that some of the confusion in this case arises from the thought that the transaction here does not look like a "reorganization" as popularly understood. But we are concerned not with the popular definition or conception, but with the statutory definition, a very different thing. Whether this transaction was a "merger" or a "consolidation" at common law is not the question. The question is does it come within the statutory definition, especially the parenthetical clause which the Supreme Court has said enlarges the scope of the terms used. Believing that it does, I must dissent.

By reason of the thesis on which the case is made to turn, no consideration is given to the proposition on which this case was submitted, i.e., the character of the distribution of the bonds. On this question I have no doubt of the correctness of petitioner's position. Accordingly I am of the opinion that judgment should have been for the petitioner.